THOMAS WARREN HALL v. GENERAL MOTORS CORPORATION AND DAN THOMAS PONTIAC, INC.

No. 7519SC482

(Filed 15 October 1975)

Courts § 9; Costs § 3— compensation for commissioner and court reporter — order by clerk and superior court

Although a motion concerning compensation for a commissioner appointed by the court to take depositions and for the court reporter had been filed and notice had been given that the motion would be heard on the same date as defendants' motion for impoundment of a carburetor, the judge's order makes it clear that he ruled only on the motion for impoundment of the carburetor, and the clerk, and the superior court on appeal, thereafter had authority to enter an order awarding a commissioner's fee and compensation for the court reporter and taxing half of said amounts as part of the costs to be paid by plaintiff.

Hall v. General Motors Corp.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 7 March 1975 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 24 September 1975.

This is a civil action instituted to recover for property damage and personal injuries allegedly sustained by plaintiff when his Pontiac automobile wrecked as the result of a defective cam and throttle. The action was commenced on 22 December 1972 and proceedings pertinent to this appeal are summarized as follows:

After complaint and answers were filed, discovery proceedings followed. On 9 April 1974, plaintiff, through his counsel, filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1). On 23 April 1974, defendants filed motion setting forth that the case was scheduled for trial on 9 April 1974; that when the case was called for trial plaintiff filed a notice of dismissal; that on 11 May 1973, a commissioner was appointed by the court for purpose of taking depositions; that depositions were taken but no order providing for compensation for the commissioner and the court reporter had been entered; defendants asked that a fee be set for the commissioner and that one-half of the fee and one-half of the reporter's charges be taxed as a part of the costs against plaintiff.

On 2 May 1974, defendants filed a motion asking for an order impounding the carburetor assembly on the automobile in question to the end that said assembly would be available in the trial of any subsequent action that plaintiff might institute. Defendants served notices on plaintiff's counsel that they would ask for a hearing on both motions on 6 May 1974 at 10:00 a.m., or as soon thereafter as counsel could be heard.

On 7 May 1974, an order (dated 6 May 1974) was entered by Judge Crissman providing as follows:

"This cause coming on to be heard on defendants' written motion heretofore filed and oral motion to impound the carburetor on the Pontiac automobile and after argument of counsel for defendants and argument of counsel for plaintiff, the Court is of the opinion that both motions should be denied.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendants' motions and both of them are hereby denied."

Hall v. General Motors Corp.

On 7 May 1974, defendants filed another motion concerning taxing of costs for the commissioner's fee and reporter's charges and served notice on plaintiff's counsel that a hearing on that motion would be held before the clerk of the superior court on 20 May 1974 at 4:00 p.m. On 24 May 1974, the clerk entered an order making certain findings, awarding the commissioner a fee of $200, adjudging the reporter's charges to be $302, and ordering that half of said amounts be taxed as a part of the costs against plaintiff. Plaintiff appealed from the clerk's order.

On 10 March 1975, following a hearing, Judge Rousseau entered an order making findings of fact, awarding the commissioner a fee of $200, adjudging the reporter's charges to be $302, and ordering that half of said amounts be taxed as a part of the costs against plaintiff.

Plaintiff appealed to the Court of Appeals.

*Ottway Burton and Millicent Gibson for plaintiff appellant.*

*Miller, Beck, O'Briant & Glass, by Adam W. Beck, for defendant appellee Dan Thomas Pontiac, Inc.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., for defendant appellee General Motors Corporation.*

BRITT, Judge.

Plaintiff contends that Judge Crissman's order filed 7 May 1974 denied defendant's motion that a fee for the commissioner and the reporter's charges for taking depositions be taxed as a part of the costs against plaintiff, therefore, the clerk's order and Judge Rousseau's order thereafter entered are void. We find no merit in the contention.

Although a motion by defendants concerning the commissioner's fee and reporter's charges had been filed, and notice given that the motion would be heard before Judge Crissman on 6 May 1974, defendants' motion concerning impoundment of the carburetor assembly had also been filed and notice given that that motion would be heard before Judge Crissman on 6 May 1974. Judge Crissman's order is clear that he was ruling only on the written and oral motions to impound the carburetor. That being true, it was not improper for the clerk and Judge Rousseau to pass upon the question presented by the other motion.

The order appealed from is

Affirmed.

Judges PARKER and CLARK concur.